Filed 10/23/15  In re J.T. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re J.T., a Person Coming Under the Juvenile Court Law. | |
| | D068020 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J519074) |
| v. | |
| K.K. et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Sharon L. Kalemkiarian, Judge.  Affirmed.


Neil R. Trop, under appointment by the Court of Appeal, for Defendant and

Appellant K.K.

Christopher Booth, under appointment by the Court of Appeal, for Defendant and

Appellant J.T.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.

Mother and father appeal the termination of their parental rights and the selection of a permanent plan of adoption for the child.[1] They contend the juvenile court erred in failing to apply the sibling relationship exception to adoption (Welf. & Inst. Code, § 366.26, subd. (c)(1)(B)(v)).[2] We disagree and affirm the judgment.

BACKGROUND

The San Diego County Health and Human Services Agency (Agency) filed a petition on behalf of the then three-month-old child alleging mother's substance abuse or mental illness prevented her from providing the child regular care and father failed to protect the child. Following a contested jurisdictional and dispositional hearing, the court declared the child to be a dependent child, removed the child from mother's and father's custody, and denied them reunification services. The court based the denial of reunification services on mother's and father's failure to reunify with two of the child's siblings who were dependent children in another county.

---

[1]     We refer to the parties generically to preserve confidentiality.

[2]     All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

2

Two months later, the Agency placed the child in the same foster home as the child's two siblings.[3] The foster parent was the siblings' prospective adoptive parent and desired to adopt the child as well. When the foster parent brought the child home, the child's siblings were "extremely excited" and repeatedly stated, "my baby [sibling]!"

The court subsequently conducted a hearing under section 366.26 to select and implement a permanent plan for the child, who was then almost one year old. The court found the child to be generally and specifically adoptable. The court also found none of the exceptions to adoption in section 366.26, subdivision (c)(1)(B) applied, including the sibling relationship exception. Consequently, the court terminated mother and father's parental rights and identified adoption as the child's permanent plan.

## DISCUSSION

Mother and father's sole contention on appeal is that the court erred in failing to apply the sibling relationship exception (§ 366.26, subd. (c)(1)(B)(v)). This exception applies if termination of parental rights "would be detrimental to the child" because "[t]here would be substantial interference with a child's sibling relationship." (§ 366.26, subd. (c)(1)(B)(v).) This exception is intended to preserve long-standing sibling relationships that "serve as anchors for dependent children whose lives are in turmoil." (*In re Erik P.* (2002) 104 Cal.App.4th 395, 404.) "The sibling relationship exception contains strong language creating a heavy burden for the party opposing adoption." (*In re Daniel H.* (2002) 99 Cal.App.4th 804, 813.)

---

3    The child also has four other siblings who reside elsewhere and whose relationship with the child is not at issue in this appeal.

Application of the exception involves two prongs. First, a parent must show: (1) the existence of a significant sibling relationship; (2) termination of parental rights would substantially interfere with the relationship; and (3) it would be detrimental to the child if the relationship ended. (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 952.) We review a court's determination on the first prong for substantial evidence. (*In re Megan S.* (2002) 104 Cal.App.4th 247, 251.)

If a parent satisfies the first prong of the exception, the court then decides whether the benefit to the child of continuing the sibling relationship outweighs the benefit of adoption. (*In re L.Y.L.*, *supra*, 101 Cal.App.4th at p. 952-953.) The standard of review for the court's determination on the second prong is not yet well settled. The Agency urges us to adopt an abuse of discretion standard of review for this prong as some other courts have done. (See, e.g., *In re Bailey J.* (2010) 189 Cal.App.4th 1308, 1314-1315.) We need not decide the matter, however, as we conclude there is substantial evidence to support the court's determination mother and father failed to satisfy the first prong of the exception.

Specifically, mother and father presented no evidence to show termination of their parental rights would substantially interfere with any sibling relationship. To the contrary, the evidence showed the termination of their parental rights would facilitate the child's relationship with the siblings. Mother and father had failed to reunify with the siblings and the siblings' foster parent was in the process of adopting them. The same foster parent also cared for and desired to adopt the child, which would allow the child and the siblings to remain together.

4

Even if the adoption does not occur and sibling contact cannot be maintained, mother and father presented no evidence a significant sibling relationship existed. The only evidence in the record of the relationship was an account of the siblings' excited reaction when the foster parent brought the child home. While their reaction was unquestionably positive, it is not by itself indicative of a strong sibling bond, which requires time to develop. Moreover, at the time of the selection and implementation hearing, the child was less than a year old and had only been living with the siblings for three and a half months. Thus, as the court noted, the child was too young to appreciate having siblings or the import of being separated from them.

Absent evidence of a detrimental interference with a significant sibling relationship, mother and father failed to establish the sibling relationship exception applied. Accordingly, they failed to establish the court erred in terminating their parental rights and selecting adoption as the child's permanent plan.

DISPOSITION

The judgment is affirmed.


                                                                McCONNELL, P. J.

WE CONCUR:


BENKE, J.


PRAGER, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.